[Civ. No. 3670. Second Appellate District, Division Two.—August 16, 1921.]

WILLIAM H. CADY, Respondent, v. G. A. SANFORD, Appellant.

[1] APPEAL — TIME OF FILING TRANSCRIPT — ABSENCE OF NOTICE OF DENIAL OF MOTION FOR NEW TRIAL.—A motion to dismiss an ap· peal on the ground that no printed transcript of the record, nor any transcript prepared under the provisions of section 953a of the Code of Civil Procedure, was filed within the time required by law and the rules of the supreme court will not be denied where it appears from the certificate of the clerk of the trial court that a notice of the ruling of the trial court denying a motion for a new trial is not on file, and that the bill of exceptions on file is not a bill of the exceptions taken during the trial of the cause, but a bill of exceptions on an order denying a motion to vacate the judgment.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Denied.

The facts are stated in the opinion of the court.

Henry T. Gage, Ingall W. Bull and Harold Larson for Appellant.

E. E. Kirk and Wally Vogel for Respondent.

WORKS, J.—This is a motion to dismiss an appeal on the ground that no printed transcript of the record, nor any transcript prepared under the provisions of section 953a of the Code of Civil Procedure, was filed within the time required by law. Our records show that no printed transcript of the record has ever been filed. A certificate of the clerk of the trial court shows, among other things, that a notice of appeal from the judgment was filed in time, the form or contents of the notice, however, not being disclosed; that a bill of exceptions was settled and filed, that a motion for a new trial was denied on April 7, 1921, and that no steps have been taken to procure a transcript under section 953a of the Code of Civil Procedure. [1] A supplemental certificate of the clerk, procured to be filed by appellant, shows that the bill of exceptions mentioned in the earlier certificate was not a bill of the exceptions taken during the trial of the cause, but a bill of exceptions on an order denying a motion to vacate judgment. The supplemental certificate also shows that there is on file in the office of the clerk of the trial court no notice of the ruling denying the motion for a new trial.

Section 650 of the Code of Civil Procedure· provides that a party may have settled, within ten days after notice of decision denying his motion for a new trial, exceptions taken at a trial. Rule II of the rules of the supreme court and of the district courts of appeal [177 Cal. xlv, 176 Pac. vii] provides that if a proceeding for the settlement of a bill of exceptions which may be used in support of an appeal is pending, or may still be instituted, the time for filing a transcript shall not begin to run until the bill has been filed, or the time in which a proceeding for a bill may be instituted has expired, or such proceeding, if in-

stituted, has been dismissed by the trial court. The supplemental certificate of the clerk of the trial court brings the present case directly within these provisions of section 650 and of rule II. The time within which a proceeding for a bill of exceptions may be instituted has not yet expired, nor, perforce, has the time for the filing of the transcript.

Motion to dismiss appeal denied.

Finlayson, P. J., and Craig, J., concurred.